Case 4:25-cv-00297   Document 18   Filed on 07/18/25 in TXSD   Page 1 of 11

United States District Court
Southern District of Texas
**ENTERED**
July 18, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ERIC G. APONTE, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. 25-297 |
| | § | |
| TEXAS DEPARTMENT OF FAMILIES | § | |
| AND PROTECTIVE SERVICES, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND OPINION**

This case is a reminder that it is important to keep one's personal life separate from one's work life. Eric Aponte sues his former employer, the Texas Department of Families and Protective Services, asserting claims for discrimination and retaliation. (Docket Entry No. 1-3). The Department moved to dismiss all claims. (Docket Entry No. 3). Aponte opposes the motion to dismiss or, alternatively, seeks leave to file the second amended complaint that he attached to his response. (Docket Entry No. 6). The court asked for supplemental briefing on whether granting Aponte leave to file his second amended complaint would be futile. (Docket Entry No. 15). The Department filed a brief asking the court to deny leave to amend and dismiss this action with prejudice. (Docket Entry No. 16). Aponte did not respond.

Based on the pleadings, the briefing, and the applicable law, the court grants the motion to dismiss in part and remands the remaining claim. The claims under Title VII and Chapter 21 of the Texas Labor Code are dismissed, with prejudice because amendment would be futile. The Texas Whistleblower Act claim is remanded to the 284th Judicial District Court of Montgomery County, Texas.

I.     **Background**

Eric Aponte was a CPS Investigator Deputy Chief at the Texas Department of Families and Protective Services from July 2023 to July 2024. (Docket Entry No. 1-3 at 75) (¶ 4.1). Aponte alleges that his coworker, Daniela Hernandez, "repeatedly harassed and stalked" him during his employment. (*Id.*) (¶ 4.3). Aponte alleges that, at some point while he worked for the Department, Hernandez called Aponte's wife and falsely claimed that Hernandez and Aponte "had been in a sexual relationship." (*Id.*) (¶¶ 4.3–4.4). In response, Aponte "reported Ms. Hernandez's conduct to the Conroe Police Department." (*Id.*) (¶ 4.5). Aponte alleges that he also reported Ms. Hernandez's conduct to his immediate supervisor, Mary Nichols, and the Program Director[1] and told them "that he had reported Ms. Hernandez's conduct to the local police." (*Id.*) (¶ 4.5).

The Department gave Aponte a "Performance Conduct Counseling" document instructing him not to communicate further with Hernandez. (*Id.*) (¶ 4.6). Aponte alleges that his wife accessed the "Performance Conduct Counseling" document on his computer. (*Id.*) (¶ 4.7). Aponte also alleges that his wife had received "unwelcome texts from Ms. Hernandez" and "calls from an anonymous individual stating that [Aponte] was harassing his girlfriend." (*Id.* at 76) (¶¶ 4.7, 4.8). The unknown caller was Hernandez's boyfriend. (*Id.*) (¶ 4.9). The boyfriend eventually talked to Aponte's wife over the telephone. (*Id.*). After that call, Aponte's wife sent a screenshot of the "Performance Conduct Counseling" document to the boyfriend, along with text messages and call logs showing Hernandez had initiated contact with Aponte. (*Id.*) (¶ 4.14).

Aponte alleges that he "was unaware that his wife had shared the Document with

---

[1] It is not clear whether the immediate supervisor, Mary Nichols, and the Program Director are two or three people.

2

Hernandez's boyfriend until Mrs. Smith [the Program Director[2]] informed [him] of these events." (*Id.* at 77) (¶ 4.15). Aponte told his supervisor that "he did not know that his wife had forwarded the memorandum and texts to Ms. Hernandez's boyfriend until after the fact." (*Id.*) (¶ 4.16). Aponte alleges that the Department terminated him because he "disclosed a confidential memorandum outside of the workplace." (*Id.*) (¶ 4.18). Aponte was a probationary employee when he was terminated. (*Id.*) (¶ 4.20).

Aponte sued the Department for violations of the Texas Whistleblower Act and sex discrimination, harassment, and retaliation under Title VII and Chapter 21 of the Texas Labor Code. (*Id.* at 77–80). The motion to dismiss each claim is addressed below.

## II.   The Legal Standard

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard

---

[2] The briefing clarifies that Mrs. Smith is the Department's Program Director. *See, e.g.*, (Docket Entry No. 1-3 at 38).

is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

"A complaint 'does not need detailed factual allegations,' but the facts alleged 'must be enough to raise a right to relief above the speculative level.'" *Cicalese v. Univ. Tex. Med. Branch*, 924 F.3d 762, 765 (5th Cir. 2019) (quoting *Twombly*, 550 U.S. at 555). "Conversely, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quotation marks omitted, alterations adopted) (quoting *Twombly*, 550 U.S. at 558). A court reviewing a motion to dismiss under Rule 12(b)(6) may consider "(1) the facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201." *Inclusive Cmtys. Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 900 (5th Cir. 2019).

This court freely grants leave to amend pleadings when justice so requires. *See* FED. R. CIV. P. 15(a)(2). One reason to deny leave to amend is if the amendment would be futile. *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003). Amendment is futile if "the amended complaint would fail to state a claim upon which relief could be granted." *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 873 (5th Cir. 2000).

**III.    Analysis**

    **A.    The State Law Sex Discrimination, Harassment, and Retaliation Claims**

Aponte brings sex discrimination, harassment, and retaliation claims under Title VII and Chapter 21 of the Texas Labor Code. The Texas Labor Code includes an "Election of Remedies" provision that states:

4

> A person who has initiated an action in a court of competent jurisdiction or who has an action pending before an administrative agency under other law or an order or ordinance of a political subdivision of this state based on an act that would be an unlawful employment practice under this chapter may not file a complaint under this subchapter for the same grievance.

TEX. LAB. CODE. § 21.211.

Aponte argues that § 21.211 applies only to the "[p]reemption of state remedies over common law remedies" and does not preclude him from bringing his statutory claims under state and federal law. (Docket Entry No. 6 at 6). Texas Supreme Court precedent indicates otherwise.

The Texas Supreme Court has held that § 21.211 "simply means that a claimant can pursue a remedy for discrimination under federal law or under grievance-redress systems in existence at the local level, but pursuing either of these options precludes later initiating a . . . complaint [under Chapter 21 of the Texas Labor Code]." *City of Waco v. Lopez*, 259 S.W.3d 147, 155 (Tex. 2008). Citing *Lopez*, the Texas Supreme Court later reiterated that § 21.211 "must be read against the backdrop of extensive and overlapping state and federal anti-discrimination statutes." *Waffle House Inc. v. Williams*, 313 S.W.3d 796, 809 (Tex. 2010). Section 21.211's "obvious purpose, read in this context, is to provide that if a plaintiff files a federal cause of action under Title VII or another federal anti-discrimination statute, or brings a local grievance as expressly allowed under [Chapter 21], she cannot bring a duplicative claim under [Chapter 21]." *Id.* at 809–10 (footnote omitted).

Because Aponte's Chapter 21 claims are duplicative of his Title VII claims, the Chapter 21 claims are dismissed, with prejudice because amendment would be futile.

### B. The Title VII Claim for Sex Discrimination and Harassment

Aponte asserts that he "was subjected to a continuous course of harassment and worked in a sexually hostile environment," in violation of Title VII. (Docket Entry No. 1-3 at 80) (¶ 6.12). His allegations do not support a finding that he has stated a claim on which relief can be granted.

To plead a claim for harassment in violation of Title VII, a plaintiff must allege facts that could show "that the harassment created a hostile or abusive working environment." *Johnson v. Bd. of Supervisors of La. State Univ. & Agric. & Mech. Coll.*, 90 F.4th 449, 455 (5th Cir. 2024) (quoting reference omitted). A plaintiff must plead facts that could show: (1) membership in a protected group; (2) harassment; (3) based on a factor rendered impermissible by Title VII; (4) that the harassment affected a term, condition, or privilege of employment; and (5) that the employer knew or should have known of the harassment but failed to promptly address it. *Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 654 (5th Cir. 2012). "Harassment affects a 'term, condition, or privilege of employment' if it is 'sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive work environment.'" *Id.* (quoting *Ramsey v. Henderson*, 286 F.3d 264, 268 (5th Cir. 2002)).

Aponte conclusively alleges that Hernandez "harassed and stalked" him. (Docket Entry No. 1-3 at 75) (¶ 4.3). He does not allege that he was harassed based on his sex or other protected characteristic. Aponte does not allege facts that would support a claim for harassment in violation of Title VII, such as "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *See Hernandez*, 670 F.3d at 651. Most of the factual allegations in the complaint describe interactions between Aponte's wife and Hernandez's boyfriend, none of which occurred in the workplace. The few allegations that do relate to events

6

at Aponte's work show the Department's efforts to address Aponte's complaints, including by conducting an "investigation" and directing Aponte not to communicate any further with Hernandez. *See* (Docket Entry No. 1-3 at 75) (¶¶ 4.6, 4.7). The complaint falls far short of pleading harassment that could create a hostile work environment that violates Title VII.

To the extent that Aponte attempted to plead disparate treatment under Title VII, that claim also fails. To state a prima facie case of disparate treatment, a plaintiff must plead facts that could show "that similarly situated employees were treated more favorably." *Nasti v. CIBA Specialty Chemicals Corp.*, 492 F.3d 589, 593 (5th Cir. 2007). Aponte has not done so. The only other employee identified in the complaint is Hernandez, "who was not terminated and remains employed with" the Department. (Docket Entry No. 1-3 at 79) (¶ 6.9). But unlike Aponte, Hernandez was not a probationary employee, and she was not accused of sending a confidential document outside the workplace. Because the complaint does not allege that Hernandez and Aponte were "similarly situated" employees treated differently despite "nearly identical circumstances," Aponte has not pleaded a disparate treatment claim. *See Wheeler v. BL Dev. Corp.*, 415 F.3d 399, 406 (5th Cir. 2005) (quoting reference omitted); *see also Lee v. Kansas City S. Ry. Co.*, 574 F.3d 253, 260 (5th Cir. 2009) ("If the difference between the plaintiff's conduct and that of those alleged to be similarly situated accounts for the difference in treatment received from the employer, the employees are not similarly situated for the purposes of an employment discrimination analysis." (emphasis removed) (quotation marks and quoting reference omitted)).

Aponte's proposed amended complaint does not fix these problems. The amendment adds allegations that Hernandez "sexually harassed" Aponte and "made unwelcome sexual advances towards [Aponte] in the workplace." (Docket Entry No. at 6 at 11) (¶ 6). Without supporting facts, however, those conclusory allegations do not correct the deficiencies identified above. Nor

does the allegation that Hernandez "held the same position as [Aponte] and had the same job responsibilities," *see* (*id.* at 13) (¶ 22), overcome the other meaningful differences between them.

Aponte has failed to plead a Title VII claim based on sex discrimination or harassment. This claim is dismissed, with prejudice because amendment would be futile.

### C.     The Title VII Claim for Retaliation

To plead a Title VII claim for retaliation, Aponte must allege: "(1) that he participated in an activity protected by Title VII, (2) that his employer took an adverse employment action against him, and (3) that there is a causal connection between the adverse employment action and the protected activity." *See Alkhawaldeh v. Dow Chem. Co.*, 851 F.3d 422, 427 (5th Cir. 2017). The burden then shifts to the employer to articulate a legitimate non-retaliatory reason for the adverse employment action. *Id.* If the employer does so, "the burden shifts back to the employee to demonstrate that the employer's stated reason is actually a pretext for retaliation." *Id.* (alteration adopted) (quotation marks and quoting reference omitted).

Aponte claims that he was terminated for reporting sexual harassment in the workplace. (Docket Entry No. 1-3 at 80) (¶¶ 7.1–7.4). The factual allegations do not support that assertion. Aponte does not allege that he participated in activity protected under Title VII. The complaint alleges that Aponte "reported Ms. Hernandez's conduct to his immediate supervisor." (*Id.* at 75) (¶ 4.5). The "conduct" appears to refer to the allegations that Hernandez "harassed and stalked" Aponte and told Aponte's wife "that she had been in a sexual relationship" with Aponte. (*Id.*) (¶ 4.3). But "[i]n the retaliation context, protected activity is dependent on Title VII's categories of protected individuals." *Brackens v. Stericycle, Inc.*, 829 F. App'x 17, 21 (5th Cir. 2020) (per curiam). "[A] vague complaint, without any reference to an unlawful employment practice under

8

Title VII, does not constitute protected activity." *Paske v. Fitzgerald*, 785 F.3d 977, 986 (5th Cir. 2015) (quoting reference omitted).

Aponte does not allege that he reported conduct that could be understood as discrimination against him based on his sex. He is instead alleging that his coworker told his wife of a sexual relationship between them. Aponte alleged that he reported his coworker's actions in stalking him and telling his wife about the affair. That is not protected conduct, and "no reasonable employer would have understood [Aponte's report] to be an expression of opposition to unlawful discrimination at work." *See Stewart v. RSC Equip. Rental, Inc.*, 485 F. App'x 649, 652 (5th Cir. 2012) (per curiam). The allegations do not support an inference that Aponte's report is protected activity under Title VII. *See id.*; *see also O'Daniel v. Indus. Serv. Sols.*, 922 F.3d 299, 305–06 (5th Cir. 2019) (the "relevant question" is "whether the employee's communications to the employer sufficiently convey the employee's reasonable concerns that the employer has acted or is acting in an unlawful discriminatory manner").

Even if the report was protected activity, Aponte's retaliation claim must be dismissed because he fails to allege facts that could support a causal connection between his report and his termination. Aponte argues that the "temporal proximity between [his] protected activity and termination in the absence of any valid reason for [his] termination" demonstrates the requisite causation. (Docket Entry No. 1-3 at 80) (¶ 7.3). But Aponte also says that the Department's stated reason for firing him was because he "disclosed a confidential memorandum outside of the workplace." (*Id.* at 77) (¶ 4.18). The unauthorized disclosure of the memorandum occurred in between Aponte's report and termination, which undermines his temporal proximity argument.

Aponte also asserts that he pleaded the requisite causal connection between his protected activity and his termination based on his allegation that the Department "did not allow [him] to

9

explain what happened." (*Id.*). That allegation is insufficient. It contradicts Aponte's allegation elsewhere in the complaint that, when confronted by his supervisor about the unauthorized disclosure, Aponte "explained that he did not know that his wife had forwarded the memorandum and texts to Ms. Hernandez's boyfriend until after the fact." (*Id.*) (¶ 4.16). Aponte's pleading does not raise an inference that the Department's stated reason for firing Aponte was pretextual and that the real reason was retaliation.

Aponte has failed to plead a Title VII retaliation claim. He has not pointed to new allegations in his proposed amendment that would rectify these deficiencies. This claim is dismissed, with prejudice because amendment would be futile.

D.      **The Texas Whistleblower Act Claim**

In addition to his Title VII claims, Aponte asserts a state-law claim under the Texas Whistleblower Act. The Department removed this case based on federal-question jurisdiction. (Docket Entry No. 1). Because Aponte's federal claims are dismissed, the court must decide whether to exercise supplemental jurisdiction over the remaining state-law claim. *See* 28 U.S.C. § 1367(c)(3) ("[D]istrict courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction."); *see also Johnston v. United States*, 85 F.3d 217, 218 n.2 (5th Cir. 1996) (a court may raise an issue of subject matter jurisdiction sua sponte at any time). The determination of whether to exercise supplemental jurisdiction is guided by "judicial economy, convenience, fairness, and comity." *D'Onofrio v. Vacation Publ'ns, Inc.*, 888 F.3d 197, 207 (5th Cir. 2018).

"[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the

remaining state-law claims." *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 7 (1988); *see also United Mine Workers v. Gibbs,* 383 U.S. 715, 726 (1966) ("[I]f the federal claims are dismissed before trial . . . the state claims should be dismissed as well."). In the Fifth Circuit, the "general rule is to dismiss state claims when the federal claims to which they are pendent are dismissed." *Enochs v. Lampasas County*, 641 F.3d 155, 161 (5th Cir. 2011) (quoting *Parker & Parsley Petroleum Co. v. Dresser Indus.*, 972 F.2d 580, 585 (5th Cir. 1992)).

This case is in its very early stages. There has been no initial conference, no scheduling order, and no briefing in this court other than on the motion to dismiss. The federal claims have now been dismissed. Litigating the remaining state-law claim in state court, as opposed to federal court, will not impose any significant additional burden on the parties. Under these circumstances, judicial economy, convenience, fairness, and comity would not be served by keeping Aponte's state-law claim in federal court. The court declines to exercise supplemental jurisdiction over the Texas Whistleblower Act claim. That claim is remanded to the 284th Judicial District Court of Montgomery County, Texas.

## IV. Conclusion

The motion to dismiss, (Docket Entry No. 3), is granted in part. The claims under Title VII and Chapter 21 of the Texas Labor Code are dismissed, with prejudice because amendment would be futile. The Texas Whistleblower Act claim is remanded to the 284th Judicial District Court of Montgomery County, Texas.

SIGNED on July 18, 2025, at Houston, Texas.

_____
Lee H. Rosenthal
Senior United States District Judge